UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN <br> 4547 Grant Road, NW <br> Washington, DC  20016, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Avenue, NW <br> Washington, DC  20530, <br><br> Defendant. | Civil Action No. 1:13-cv-00571 |

## COMPLAINT

Plaintiff Jeffrey Stein brings this action against Defendant Department of Justice pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Privacy Act, 5 U.S.C. § 552a, *et seq.*, *as amended*, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

Counts 1 and 2 of this Complaint were previously part of the case *Shapiro v. DOJ*, No. 12-1883 (BAH) (D.D.C.).  On 17 April 2013 Judge Howell ordered these two counts and ten others to be severed from the *Shapiro* complaint and refiled in different cases.

## JURISDICTION

1.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.     Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Jeffrey Stein ("Stein") is a U.S. citizen and is a resident of the District of Columbia. Stein is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Stein which are the subject of this action.

5. The Civil Division ("Civil"), Executive Office for United States Attorneys ("EOUSA"), Federal Bureau of Investigation ("FBI"), and Office of Information Policy ("OIP") are DOJ components.

6. Because all counts herein pertain to FBI, Civil, or EOUSA, those components will be treated as the "Defendants" to avoid confusion, even though DOJ is legally the proper party defendant.

## FIRST CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1180930-000)

7. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

8. On 13 September 2011 Stein submitted to FBI a FOIA request for all FBI Work Processing Unit ("WPU") Case Evaluation Forms completed since October 2008. Upon information and belief, these forms are completed during random quality control audits of FOIA requests.

9. On 15 September 2011 FBI acknowledged receipt of this request and assigned it Request No. 1173249-000.

10. On 19 December 2011 FBI informed Stein that it would have to manually search every FOIA request file to locate the Case Evaluation Forms and that it would close the request unless Stein agreed to limit the scope of the request.

11. On 28 December 2011 Stein requested more information regarding FBI's use of the Case Evaluation Forms to aid him in limiting the scope of the request.

12. On 18 January 2012 FBI informed Stein that it had been previously mistaken and that Case Evaluation Forms are normally maintained in employees' personnel folders and not the FOIA processing system.

13. On 20 January 2012 Stein sent FBI the following email:

You may limit your search for records to all Case Evaluation Forms located in the WPU employees' personnel folders, regardless of their creation date. You do not have to search FDPS for responsive records. You may redact employees' names and other personally identifiable information, allowing you to release the remainder of the Case Evaluation Forms without violating the employees' privacy interests. If you wish to withhold any records, you must first identify them and then invoke your exemptions with particularity after first releasing any reasonably segregable information.

Pursuant to *Chambers* (cited in full in the request letter), now that this request has been made, you may not destroy any WPU Case Evaluation Forms currently in existence until the completion of this FOIA request. Please act immediately to place a litigation hold on all WPU Case Evaluation Forms in existence to prevent their destruction.

14. On 1 February 2012 FBI assigned this request Request No. 1180930-000 and stated that all responsive records are blanketly exempt. FBI made no mention of whether it performed a search or placed a litigation hold on all Case Evaluation Forms.

15. On 1 April 2012 Stein appealed this determination to OIP. OIP acknowledged this appeal on 17 April 2012 and assigned it Appeal No. AP-2012-01925.

16. On 12 March 2013 OIP informed Stein that it had closed this appeal because he had filed *Shapiro*.

17. As twenty working days had elapsed before *Shapiro* was filed without a substantive determination by OIP, Stein has exhausted all required administrative remedies.

18. Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## SECOND CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1173248-000, 1173248-001)

19. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

20. On 13 September 2011 Stein submitted to FBI a FOIA request for all manuals, training materials, and similar reference materials regarding the Automated Case Support ("ACS") and FOIA Document Processing System ("FDPS") programs.

21. On 14 September 2011 FBI acknowledged receipt of this request and assigned it Request No. 1173248-000.

22. On 19 March 2012 FBI released some records and withheld other information.

23. On 2 April 2012 Stein appealed some withholdings to OIP. OIP acknowledged this appeal on 17 April 2012 and assigned it Appeal No. AP-2012-01924.

24. On 11 September 2012 OIP remanded this request to FBI for further processing.

25. On 1 October 2012 FBI acknowledged OIP's remand and assigned it Request No. 1173248-001.

26. On 19 October 2012 FBI released some records and withheld other information.

27. On 19 November 2012 Stein re-appealed many of the same withholdings to OIP, although an appeal was not required due to the fact that he had previously exhausted his administrative remedies by appealing the same withholdings on 17 April 2012. OIP acknowledged this appeal on 30 November 2012 and assigned it Appeal No. AP-2013-00913.

28. On 11 April 2013 OIP informed Stein that it had closed this appeal because he had filed *Shapiro*.

29. Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## THIRD CAUSE OF ACTION

## (CIVIL – RECORDS DENIAL – 145-FOI-10708)

30. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

31. On 13 September 2011 Stein submitted to Civil a FOIA request for three monographs: *Chevron Notes* (2009); *The Governmental Privileges* (September 2006); and *Defending Actions Brought Pursuant to the Privacy Act of 1974* (1982).

32. On 20 January 2012 Civil acknowledged receipt of this request and assigned it Request No. 145-FOI-10708. Civil withheld all three records.

33. On 24 January 2012 Stein appealed these withholdings to OIP. OIP acknowledged this appeal on 24 May 2012 and assigned it Appeal No. AP-2012-02373.

34. On 13 September 2012 OIP affirmed Civil's determination.

35. Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by Civil of said right.

## FOURTH CAUSE OF ACTION

## (EOUSA – RECORDS DENIAL – 11-3187)

36. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

37. On 13 September 2011 Stein submitted to EOUSA a FOIA request for all records in the USABook Desktop Library maintained by the DOJ Office of Legal Education indexed in the USABook List of Topics by the topic "Freedom of Information."

38. On 22 September 2011 EOUSA acknowledged receipt of this request and assigned it Request No. 11-3187.

39. On 9 November 2011 EOUSA withheld thirty-eight pages in full.

40. On 10 November 2011 Stein appealed these withholdings and the adequacy of EOUSA's search to OIP. OIP acknowledged this appeal on 29 November 2011 and assigned it Appeal No. AP-2012-00624.

41. On 5 July 2012 OIP remanded this request to EOUSA for further processing.

42. As twenty working days have elapsed without a substantive determination by EOUSA, Stein has exhausted all required administrative remedies.

43. Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by EOUSA of said right.

## **FIFTH CAUSE OF ACTION**

## **(FBI – RECORDS DENIAL – 1180567-000, 1180567-001)**

44. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

45. On 9 January 2012 Stein submitted to FBI a FOIA request for all records about noted British journalist Christopher Hitchens.

46. On 13 January 2012 FBI acknowledged receipt of this request and assigned it Request No. 1180567-000.

47. On 6 March 2012 FBI released 19 redacted preprocessed pages to Stein.

48. On 2 April 2012 Stein appealed the withholdings and the adequacy of FBI's search to OIP. OIP acknowledged this appeal on 17 April 2012 and assigned it Appeal No. AP-2012-01923.

49. On 17 July 2012 OIP remanded this request to FBI for further searching but affirmed FBI's withholdings.

50. On 10 August 2012 FBI acknowledged OIP's remand and assigned it Request No. 1180567-001.

51. As twenty working days have elapsed without a substantive determination by FBI, Stein has exhausted all required administrative remedies.

52. Stein has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## SIXTH CAUSE OF ACTION

## (FBI – CONSTRUCTIVE RECORDS DENIAL – 1191830-000)

53. Stein repeats and realleges the allegations contained in all paragraphs set forth above.

54. On 29 January 2012 Stein and Gwenyth Todd jointly submitted to FBI a request for all records about Ms. Todd. Ms. Todd provided a privacy waiver authorizing FBI to release records to Stein and his counsel.

55. In this request, Ms. Todd invoked both FOIA and the Privacy Act, while Stein invoked only FOIA. However, as Ms. Todd directed FBI to release everything to Stein that it released to her, FBI can only withhold information from Stein that is exempt under *both* statutes.

56. On 6 June 2012 FBI acknowledged receipt of this request and assigned it Request No. 1191830-000.

57. As twenty working days have elapsed without a substantive determination by FBI, Stein has exhausted all required administrative remedies.

58. Stein has a legal right under FOIA and the Privacy Act to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jeffrey Stein prays that this Court:

(1) Order the Department of Justice to disclose the requested records in their entirety and make copies promptly available to Stein in electronic format when so requested;

(2) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5) Grant such other relief as the Court may deem just and proper.

Date:  April 26, 2013

                        Respectfully submitted,

                        /s/ Kelly B. McClanahan
                        Kelly B. McClanahan, Esq.
                        D.C. Bar #984704
                        National Security Counselors
                        1200 South Courthouse Road
                        Suite 124
                        Arlington, VA  22204
                        301-728-5908
                        240-681-2189 fax
                        Kel@NationalSecurityLaw.org

                        *Counsel for Plaintiff*