UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEFFREY STEIN,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-cv-0571 (TSC) |
| **DEPARTMENT OF JUSTICE,** | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

In this case brought by plaintiff Jeffrey Stein against defendant United States Department of Justice ("DOJ"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the court previously has ruled twice on cross-motions for summary judgment. ECF Nos. 41-42, 65-67. *See Stein v. U.S. Dep't of Just.*, 197 F. Supp.3d 115 (D.D.C. 2016); *Stein v. U.S. Dep't of Just.*, 134 F. Supp.3d 457 (D.D.C. 2015). In the midst of briefing renewed summary judgment motions, Stein filed a consent motion to stay the briefing so that he could move to compel a declassification review of the information being withheld pursuant to Exemption 1 of the FOIA, 5 U.S.C. § 552, by the Federal Bureau of Investigation ("FBI"). ECF No. 116. The court granted that motion by Order dated June 10, 2020, and the parties fully briefed Stein's motion to compel. ECF Nos. 119, 122-124.

For the reasons set forth below, the court will DENY Stein's motion.

**I.    ANALYSIS**

Stein seeks an order compelling the FBI to undertake a declassification review of the classified information withheld under Exemption 1 of the FOIA, on the grounds that such review

is required by regulation and standard FBI practice. Plaintiff's Motion to Compel ("Pl. Mot."), ECF No. 119, at 1-4. In particular, Stein points to DOJ's regulation at 28 C.F.R. § 17.14(a)(2), which states that its Department Review Committee ("DRC") "is established to . . . review all appeals from denials of requests for records made under . . . the Freedom of Information Act (5 U.S.C. 552), when the proposed denial is based on their continued classification under Executive Order 12958." *Id*. Stein argues that even though he filed suit before the FBI had finished processing the requested records for release, and thus there was no administrative appeal from a denial of access to the requested records, an "equitable reading" of DOJ's regulation requires that DOJ should grant the same level of scrutiny to a case in litigation as that accorded to a case at the administrative appeal level. Pl. Mot. at 2. Stein cites no authority to support such an "equitable reading" of the regulation. *Id*.

DOJ correctly points out that 28 C.F.R. § 17.14(a)(2), on its face, applies only to appeals before the Department. Opposition to Motion to Compel Declassification review ("Def. Opp."), ECF No. 122, at 1. DOJ argues that because Stein never filed an appeal to the Department regarding the withholding of information under Exemption 1, 28 C.F.R. § 17.14(a)(2) cannot apply. Def. Opp. at 2. DOJ further supports this position by pointing out that 28 C.F.R. § 17.2 precludes judicial review of administrative action taken under 28 C.F.R. § 17.14(a). *See* 28 C.F.R. § 17.2(d) ("This part does not, and is not intended to, create any right to judicial review of administrative action under §§ 17.14 . . .).

The court agrees that on its face 28 C.F.R. § 17.14(a)(2) applies only to appeals brought to DOJ's DRC, which is not the scenario here. Stein chose to forgo his right to bring an administrative appeal when he filed this action. Even after the FBI processed some of the

requested information, after this litigation had been filed, Stein did not seek to have the case remanded to DOJ so he could bring an administrative appeal.

  As Stein points out, this Circuit has explained the benefits of pursuing an administrative process—which, *inter alia*, allows agencies to correct errors and supply expertise that is helpful to subsequent judicial review of agency action.  Pl. Mot. at 2, *citing Avocado Plus Inc. v Veneman*, 370 F.3d 243, 1247 (D.C. Cir. 2004).  Nonetheless, this court has no authority to interpret a regulation that is plain on its face to cover circumstances not addressed by the regulation, simply because it may be consistent with the benefits of pursuing the administrative process.  *Kisor v. Wilkie,* 139 S. Ct. 2400, 2415  (2019) ("But if the law gives an answer—if there is only one reasonable construction of a regulation—then a court has no business deferring to any other reading, no matter how much [] [a party] insists it would make more sense."); *Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec.,* 980 F.3d 109, 116 (D.C. Cir. 2020) ("Where, as here, an agency's regulation is unambiguous, the court must give effect to the regulation's plain meaning.")  As the Supreme Court explained in the context of interpretating statutes, courts may not add provisions not found in a statute, because it would "alter, rather than [] interpret" the statute.  *Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania,* 140 S. Ct. 2367, 2381 (2020).

  Stein next argues that the FBI has a practice of referring classified information to the DRC, even when the records are processed after the litigation has begun, and thus the FBI should be required to adhere to that practice here.  Pl. Mot. at 4.  He Stein cites the FBI's <u>Manual of Investigative Operations and Guidelines</u> ("MIOG"), which states: "The DRC will review and resolve all issues concerning a number of FBI classification actions, which, in part, may relate to . . .[a]ll classified material which will require the submission of an affidavit or declaration to the

Court to justify the nondisclosure" of classified information withheld pursuant to the FOIA. Pl. Mot. at 3 & Ex. E, ECF No. 119-5, at 2. Stein also points to a DRC Log he claims shows the FBI has occasionally made a request to the DRC, although the log provides no information as to the nature of that request.[1] Pl. Ex. B, ECF No. 119-2 at 4-7.

DOJ responds that the FBI makes no direct referrals for declassification review to the DRC. Def. Opp. at 3; Declaration of Michael G. Seidel ("Seidel Decl."), ECF No. 122-1, ¶ 8. Instead, a referral to the DRC is initiated when a FOIA requester files an administrative appeal of the withholding of information pursuant to Exemption 1 to DOJ's Office of Information Policy, which then, if it deems it necessary, refers the classified information to the DRC for review. Seidel Decl., ¶ 8.

Stein offers no response to the FBI's showing on this issue. Instead, in reply he focuses on which Executive Order covering classification is the appropriate one to consider when determining whether Exemption 1 has been properly applied. Pl. Rep., ECF No. 123, at 1-2. This, however, has no bearing on whether this court may order DOJ to refer classified documents to the DRC for review. DOJ's description of its practice in referring classified information subject to a FOIA request to the DRC remains unrebutted. As such, there is no FBI practice for this court to enforce when it comes to a DRC review of the classified information at issue in this case.

---

[1] Stein's reliance on *Steenholdt v. FAA,* 314 F.3d 633, 639 (D.C. Cir. 2003), for the proposition that agencies are required to follow their own rules, even procedural ones, Pl. Mot. at 4, is misplaced. Stein cites no authority for the court to find that the MIOG or an FBI log constitutes an agency rule. *Id.* Although Stein correctly notes that agencies are required to follow their own internal procedures, Pl. Mot. at 4, *citing Morton v.* Ruiz, 415 U.S. 199, 235 (1974), nothing in the MIOG states that all classified information requested under the FOIA must be reviewed by the DRC. *See Pl.* Ex. E, ECF No. 119-5, at 2.

Finally, the FBI argues that this court should deny Stein's motion because even if the Exemption 1 assertion fails, all the information at issue here has been properly withheld under FOIA Exemption 3. Def. Opp. at 3. But Stein correctly points out that the court has not ruled on the Exemption 3 claim, and DOJ is not entitled to a presumption at this stage that the Exemption 3 assertion will obviate any need to consider the application of Exemption 1 to the same information. *See* Pl. Rep. at 3.

Stein, however, has failed to prove that a referral of the classified information to the DRC is required either by law or DOJ practice. Under such circumstances, Stein's motion to compel a declassification review will be denied.

## II.  CONCLUSION

For the reasons set forth above, the court will DENY Stein's motion to compel a declassification review. The parties are directed to file a joint proposal for further proceedings in this case on or before July 5, 2023.

Date:  June 20, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge