UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN, | * |
| Plaintiff, | * |
| v. | * |
| | * Civil Action No. 1:13-cv-00571 (TSC) |
| DEPARTMENT OF JUSTICE, | * |
| Defendant. | * |

* * * * * * * * * * * * *

**PLAINTIFF'S MOTION TO REMAND COUNT 6 IN PART TO AGENCY**

NOW COMES Plaintiff Jeffrey Stein ("Stein") to hereby ask this Court to remand Count 6 in part to Defendant Department of Justice ("DOJ") so that it may process an administrative appeal of all withholdings made by the Federal Bureau of Investigation ("FBI") citing Freedom of Information Act ("FOIA") Exemption (b)(1), 5 U.S.C. § 552(b)(1). The purpose of this administrative appeal would be to allow the DOJ Department Review Committee ("DRC") to conduct a declassification review pursuant to 28 C.F.R. § 17.14(a)(2): a process which this Court has held is only triggered by an administrative appeal. (Mem. Op., Dkt. #129, at 5 (filed June 20, 2023) [hereinafter DRC Op.].) As explained in the following memorandum, which has been included in the Motion due to its short length, this relief is both within the Court's authority to grant and in the interest of justice.

Defendant opposes this Motion. A proposed Order accompanies this Motion.

**Memorandum of Points and Authorities**

28 C.F.R. § 17.14(a) states: "The Department Review Committee (DRC) is established to . . . Review all appeals from denials of requests for records made under . . . the Freedom of Information Act (5 U.S.C. 552), when the proposed denial is based on their continued

classification under Executive Order 12958." *Id.* The DRC conducts declassification reviews, which entail actively reviewing currently classified information to determine if it warrants *continued classification* with the intent of declassifying and releasing it if possible, as opposed to FOIA processing—and the scope of the Court's review—which only requires an agency to confirm that the information was properly classified *at the time of classification*.

 Stein previously argued that DOJ must perform a declassification review of the records at issue in this Motion due to longstanding DOJ and FBI practice, but the Court denied that motion, effectively holding that the fact that he had initiated this litigation prior to FBI's completion of processing—therefore making an administrative appeal impossible—meant that DOJ had no responsibility to perform the declassification review. (DRC Op. at 4-5.) The Court specifically pointed out, "Even after the FBI processed some of the requested information, after this litigation had been filed, Stein did not seek to have the case remanded to DOJ so he could bring an administrative appeal." (*Id.* at 2-3.) Accordingly, following the logic of that decision, Stein now accepts the Court's implied invitation and asks the Court to remand these matters to DOJ so that he can formally file an administrative appeal and "giv[e] [the] agenc[y] the opportunity to correct [its] own errors, afford[] [the] parties and [the] court[] the benefits of [the] agenc[y's] expertise, [and] compil[e] a record adequate for judicial review." *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (internal quotations omitted).

 While the general practice in this Circuit in constructive exhaustion cases is for the Court to conduct a *de novo* review of all the evidence presented by the agency without requiring an administrative appeal, that general practice does not easily apply to the unusual circumstances presented by this case, where the agency would be required by its own regulations to evaluate its withholdings more critically during an administrative appeal than it does when seeking summary

2

judgment, and where the plaintiff was found after the fact to have been forced to choose between foregoing this heightened review and the benefits afforded by constructive exhaustion. In that regard, the case is analogous to the first case which firmly established the duty to file an administrative appeal, *Oglesby v. Department of the Army*. In that case, the Circuit held:

> Although in future cases foregoing an administrative appeal will preclude the requester from ever bringing suit on that request because the individual will not have exhausted his administrative remedies, we think that result cannot be applied here. We acknowledge that the precise requirements of FOIA exhaustion have heretofore not been sufficiently certain that appellant should be penalized for not having discerned that an administrative appeal was mandatory; accordingly, we will allow the appellant in this case to pursue his appeals before the administrative agencies regardless of the expiration of the agencies' appeal deadlines.

920 F.2d 57, 65 (D.C. Cir. 1990). Therefore, since it cannot be fairly said that the inapplicability of 28 C.F.R. § 17.14(a) to matters in litigation was "sufficiently certain that [Stein] should be penalized for not having discerned that an administrative appeal was [necessary]," this is an equitable remedy to the current problem, which serves both the goals of administrative exhaustion and the interests of transparency. *Cf. Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 148 (D.D.C. 2013) (balancing interests by remanding request to agency with instruction that agency "must permit the plaintiff to exhaust its administrative remedies through the administrative appeals process" instead of ordering information released in case where agency refused to recognize assignee of request).

A court remanding a FOIA request to an agency for a more critical review—which is in effect what this Motion is requesting—is similarly well within the Court's authority. The District Court of New Jersey addressed that issue in 2011, first ordering DOJ "to show cause why the Court should not remand Plaintiff's original, exhausted FOIA request to the Department of Justice so that the agency may review it in light of this Opinion and determine what documents, if any, must be produced for Plaintiff, with any exemption to be claimed with specificity,"

*Venkataram v. Office of Info. Policy*, No. 09-6520, 2001 U.S. Dist. LEXIS 55963, at *13 (D.N.J. May 25, 2011), then finding DOJ's response "insufficient and unpersuasive" and issuing the following order:

> Therefore, the Court will remand this matter to the Department of Justice for a more particularized analysis of the documents requested by the Plaintiff. If the Plaintiff is dissatisfied with the final decision after remand, the Plaintiff may reopen the docket. This Court will retain jurisdiction.

*Venkataram v. Office of Info. Policy*, 823 F. Supp. 2d 261, 266 (D.N.J. 2011). This is exactly what this Court should do. *See also Nw. Coal. for Alternatives to Pesticides v. EPA*, 254 F. Supp. 2d 125, 134 (D.D.C. 2003) (remanding case to agency because of evidence agency did not perform critical review of Exemption (b)(4) redactions requested by corporation).

Date:   March 1, 2024

        Respectfully submitted,

        /s/ Kelly B. McClanahan
        Kelly B. McClanahan, Esq.
        D.C. Bar #984704
        National Security Counselors
        4702 Levada Terrace
        Rockville, MD  20853
        301-728-5908
        240-681-2189 fax
        Kel@NationalSecurityLaw.org

        *Counsel for Plaintiff*