UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFERY STEIN,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 13-0571 (TSC) |

## DEFENDANT'S OPPOSITION TO
## PLAINITFF'S MOTION FOR PARTIAL REMAND

By and through undersigned counsel, Defendant Department of Defense ("Department") respectfully opposes Plaintiff Jeffrey Stein's Motion to Remand Count 6 In Part To Agency (ECF No. 136, "Plaintiff's Motion"). Plaintiff asks the Court to partially remand this case to the Federal Bureau of Investigation ("FBI") "so that it may process an administrative appeal of all withholdings made [pursuant to FOIA Exemption 1]." Pl's Mot. at 1. Plaintiff's Motion should be denied for the reasons stated below.[1]

## BACKGROUND

On January 27, 2020, Defendant moved for summary judgment on the remaining claims in this matter, namely, those connected with the withholdings in records responsive to Plaintiff's Freedom of Information Act ("FOIA") request for records related to Gwyneth Todd (Count VI). *See* Def. Mot. Summ. J. (ECF No. 109, "Def. MSJ") at 2. Instead of filing an opposition to Defendant's motion for summary judgment, Plaintiff filed a motion asking the Court to compel a

---

[1]    Defendant respectfully submits the Second Declaration of Michael G. Seidel ("Second Seidel Decl.") in support of its Opposition.

declassification review by the Department Review Committee of the information being withheld

pursuant to Exemption 1, which exempts properly classified information from disclosure under

FOIA.  Pl. Declassification Mot. (ECF No. 119); *see also* 5 U.S.C. § 552(b)(1).  In its opposition

to Plaintiff's Declassification Motion, among other things, Defendant offered the Declaration of

Micheal G. Seidel.  1st Seidel Decl. (ECF No. 122-1).  The First Seidel Declaration states that

> Instead of simply relying on original classification markings, the FBI conducts de
> novo reviews of all documents responsive to a FOIA request.  This de novo review
> includes referring classified marked records to the FBI's Classification Unit for a
> determination whether the information remains classified at the time of this review.

1st Seidel Decl. (ECF No. 122-1) ¶ 11.

The Court denied Plaintiff's Declassification Motion, at least in part on grounds that

Plaintiff had not filed an administrative appeal of the FBI's determinations, making him ineligible

for a declassification review under 28 C.F.R. § 17.14(a)(2).  Mem. Op. (ECF No. 129) at 2.  Plaintiff

then filed the current motion, asking the Court to remand the case as to Count VI so that Plaintiff

can file an administrative appeal and become eligible for a declassification review.  Pl's Mot. (ECF

No. 136) at 1.

## ARGUMENT

Plaintiff's Motion should be denied because he is ineligible to file an administrative appeal

at this late stage and there is no legal mechanism for the Court to remand the records at issue in

Count VI for a declassification review.

Under the Department's FOIA regulations, if a FOIA requester wishes to appeal an adverse

determination, it must do so "within 90 calendar days after the date of the response." 28 CFR

§ 16.8(a).  In this case, Plaintiff was informed of his appeal rights in production letters from

January 4, 2016, through December 3, 2019, with most of those productions containing

information withheld pursuant to Exemption 1.  2d Seidel Decl. ¶ 6.  Though Defendant does not

argue that Plaintiff was required to file an administrative appeal during the pendency of this litigation, *see Bayala v. Dep't of Homeland Sec.*, 827 F.3d 31, 36 (D.C. Cir. 2016) ("Nor can Bayala be compelled to administratively exhaust this new agency decision because that decision was the byproduct of litigation, not of the pre-litigation administrative decision-making process to which FOIA's exhaustion requirement textually applies."), Plaintiff did not file any administrative appeal (2d Seidel Decl. ¶ 6) and there is no evidence that Plaintiff raised the issue of whether the responsive records were properly classified with the Court until he filed his Declassification Motion in 2020.[2]  Having failed to timely file an administrative appeal or otherwise preserve the issue of whether the records were properly classified when the production letters alerted him to his right to challenge the application of FOIA exemptions, Plaintiff no longer has the right to file an administrative appeal.  *See* 28 C.F.R. § 16.8(a) ("The requester must make the appeal in writing and to be considered timely it must be postmarked, or in the case of electronic submissions, transmitted, within 90 calendar days after the date of the response.").  Because Plaintiff no longer has a right to file an administrative appeal, which would trigger his right to a declassification review, it would be futile for the Court to remand this case to the FBI.

The cases that Plaintiff has cited are inapposite.  In both *Venkataram v. Office of Information Policy,* Civ. A. No. 09-6520, 2011 WL 2038735 (D.N.J. May 25, 2011), and *Northwest Coalition for Alternatives to Pesticides v. EPA*, 254 F. Supp. 2d 125 (D.D.C. 2003), the courts ordered remand after the government had moved for summary judgment and failed to meet their burden of demonstrating that they had properly responded to the FOIA requests. *Venkataram,*

---

[2]     Undersigned counsel only recently substituted her appearance in this matter but has reviewed the status reports on the docket and has not discovered any evidence of Plaintiff raising questions about the propriety of the classification decisions until his motion to compel a declassification review (ECF No. 119) in 2020—seven years after this litigation commenced.

2011 WL 2038735, at *4 (denying summary judgment and ordering government to show cause why the matter should not be remanded for further determinations "because Defendant has not shown that the exceptions asserted apply categorically to the records sought by Plaintiff, and Defendant has made no document-by-document determinations."); *Nw. Coal*., 254 F. Supp. 2d at 131, 134 (denying motion for summary judgment and remanding to the agency because, among other things, "[n]othing in defendant's declaration attached to defendant's motion for summary judgment suggests that the EPA made an independent determination of whether information contained in the substantiation letter was entitled to an exemption under Exemption 4.").

Here, Defendant's motion for summary judgment (which was accompanied by a robust agency declaration and *Vaughn* index) is still pending and the Court has made no determination regarding the sufficiency of the FBI's support for its Exemption 1 withholdings. *See* Def. MSJ (ECF No. 109); 9th Hardy Decl. (ECF No. 109-1). Moreover, the FBI's declarant has previously stated that a de novo classification review was conducted in connection with the FOIA review (First Seidel Decl. ¶ 11), making Plaintiff's request truly redundant. The appropriate next step would be for the parties to conclude briefing summary judgment and for the Court to determine whether Defendant met its burden in demonstrating that it properly applied Exemption 1 to withhold information.

To the extent that Plaintiff argues that he is entitled to remand and an order compelling the FBI to allow an administrative appeal as some sort of equitable remedy, such a request should be denied because Plaintiff failed to timely preserve his objections regarding the propriety of document classification. Defendant would also be prejudiced by such a remand order. As noted above, there is no evidence that Plaintiff timely preserved any concerns regarding the classification of information when he was receiving productions between 2016 and 2019. With respect to the

issue of prejudice, this case has been pending for more than a decade and, if Defendant is ordered to conduct a declassification review, in addition to the burden of being required to conduct a redundant review, Defendant may be found liable for fees if it changes its position on any withholdings as a result of the resulting review. *See Conservation Force v. Jewell,* 160 F. Supp. 3d 194, 201 (D.D.C. 2016) (explaining that the first step of FOIA fee analysis is determining whether the court issued an order that resulted "in a court-ordered change in the legal relationship between the plaintiff and the defendant"). Considering Plaintiff's lack of diligence in pursuing this issue when he received the FBI's response to his FOIA request and the prejudice to Defendant that would result from a remand order, Plaintiff's request should be denied.

If Plaintiff wishes for the Department Review Committee to conduct a declassification review of the records at issue in Count VI, the appropriate course of action would be for him to dismiss Count VI and file a new FOIA request for the records. Once he receives the response, he can file an administrative appeal and receive his declassification review. If he is not satisfied with the result of the declassification review, he can initiate a new lawsuit. There is, however, no mechanism for him to seek declassification review at this late stage of this litigation, having failed to preserve the issue when the records were being produced.

*     *     *

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion should be denied.

Dated: June 12, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:        */s/ Sian Jones*
      SIAN JONES, D.C. Bar # 1024062
      Assistant United States Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      (202) 252-2578
      Sian.jones@usdoj.gov

*Attorneys for the United States of America*