UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civ. A. No. 1:13-cv-00571-TSC |

## SECOND DECLARATION OF MICHAEL G. SEIDEL

1. I am the Section Chief of the Record/Information Dissemination Section (RIDS), Information Management Division (IMD), Federal Bureau of Investigation (FBI), Winchester, Virginia. My background and qualifications are provided in my first declaration filed on September 8, 2020, at ECF No. 122-1. Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to Plaintiff's requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of Plaintiff's FOIA request seeking records concerning Gwenyth Todd (Count 6).

2. This is my second declaration, and the eleventh declaration overall in this case, and it incorporates and supplements the FBI's prior ten declarations. (ECF No. 14-1, "First Hardy Decl."; ECF No. 22-1, "Second Hardy Decl."; ECF No. 27-1, "Third Hardy Decl."; ECF No. 29-1, "Fourth Hardy Decl."; ECF No. 40-2, "Fifth Hardy Decl."; ECF No. 47-1, "Sixth

1

Hardy Decl."; ECF No. 50-2, "Seventh Hardy Decl."; ECF No. 70-1, "Eighth Hardy Decl."; ECF No. 109-1, "Ninth Hardy Decl."; and ECF No. 122-1, "First Seidel Decl.".)

3. This declaration is submitted in response to Plaintiff's Motion to Remand Count 6 in Part to Agency, in which he requests that the Court order the FBI to remand Count 6 in part to the Department of Justice (DOJ) so that it may process an administrative appeal of all withholdings made by the FBI citing Exemption (b)(1), 5 U.S.C. § 552(b)(1). (ECF No. 136.) Part I of this declaration will address the FBI's FOIA appeal process, including the procedures regarding the Department Review Committee (DRC), and Part II of this declaration will address Plaintiff's failure to timely appeal the FBI's determinations pursuant to Exemption 1.

**PART I: FBI FOIA APPEAL PROCESS AND DEPARTMENT REVIEW COMMITTEE**

4. The FBI's appellate authority is the DOJ, Office of Information Policy (DOJ/OIP). DOJ/OIP adjudicates appeals of the adverse determinations of any DOJ component, and pursuant to DOJ FOIA regulations, requires appeals to be postmarked or transmitted to DOJ/OIP within ninety (90) calendar days of the date of the letter responding to the request for the appeal to be considered timely. (*See* 28 C.F.R. § 16.8.) When DOJ/OIP receives a timely appeal of the FBI's withholdings pursuant to Exemption 1, DOJ/OIP then refers classified information to the DRC after adjudicating the administrative appeal and determining such a review is necessary. As discussed in the First Seidel Decl., the DRC is mandated to review all appeals from denials of requests for records made under section 3.6 of Executive Order 12958 and the Freedom of Information Act (5 U.S.C. 552), when the proposed denial is based on their

2

continued classification under Executive Order 12958.[1] (*See* 28 C.F.R. § 17.14.) As noted in the First Seidel Decl., if Plaintiff desired a declassification review by the DRC, the proper venue was through an administrative appeal to DOJ/OIP. Pursuant to DOJ's FOIA regulations, before seeking review by a court of a component's adverse determination, a requester generally must first submit a timely administrative appeal. However, once in litigation, the Court has jurisdiction over the matter.

### PART II: PLAINTIFF'S FAILURE TO TIMELY APPEAL THE FBI'S EXEMPTION 1 DETERMINATIONS

5. Plaintiff requests that the Court remand Count 6 in part to DOJ so he can submit an administrative appeal of the FBI's withholdings pursuant to Exemption 1. Plaintiff states the Court held that "the fact that [Plaintiff] had initiated this litigation prior to FBI's completion of processing—therefore making an administrative appeal impossible—meant that DOJ had no responsibility to perform the declassification review." (ECF No. 136, p. 2.) Despite this, Plaintiff argues that an administrative appeal is necessary since "the agency would be required by its own regulations to evaluate its withholdings more critically during an administrative appeal than it does when seeking summary judgment." *Id* at p. 2-3.

6. The FBI has repeatedly informed Plaintiff of his appeal rights in this case, even when making productions of responsive records after this litigation was filed. In response to Count 6, the FBI made productions to Plaintiff from January 4, 2016, through December 3, 2019, with most of those productions containing information withheld pursuant to Exemption 1. The FBI included a notification to Plaintiff of his right to appeal the FBI's determinations to

---

[1] Executive Order 12958 has been superseded by Executive Order 13526, signed by President Barack Obama on December 29, 2009.

3

DOJ/OIP in almost all its interim release letters. (*See* Ninth Hardy Decl, Ex. A-U.) In the FBI's final production to Plaintiff, dated December 3, 2019, in which the FBI withheld information pursuant to Exemption 1, the FBI advised Plaintiff that he could file an appeal with DOJ/OIP within ninety (90) days from the date of the letter in order to be considered timely. **(Ex. A.)** Plaintiff did not avail himself of his appeal rights at any point after receipt of the FBI's many productions of responsive records. Pursuant to DOJ FOIA regulations, Plaintiff must have submitted an appeal of the FBI's withholdings pursuant to Exemption 1 within ninety (90) days of its determination letter, so no later than approximately March 3, 2020. Since Plaintiff failed to appeal within this timeframe, even if Plaintiff were to submit an appeal now, it is four years overdue and would not be eligible for adjudication by DOJ/OIP or the DRC. Thus, Plaintiff's request for remand would have no practical effect and would not afford any additional evaluation by DOJ/OIP or the DRC.

## CONCLUSION

7.      The FBI has fulfilled its obligations under the FOIA to review and verify all classified information in this case is currently and properly classified. The FBI advised Plaintiff of his appeal rights; however, Plaintiff did not file an administrative appeal of withholdings pursuant to Exemption 1 with DOJ/OIP within ninety (90) days as required by 28 C.F.R. § 16.8. Thus, any administrative appeal in this case is not timely and not eligible for adjudication. The FBI respectfully requests the Court permit it to file a renewed motion for summary judgment to fully address its withholdings pursuant to Exemption 1.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibit A attached hereto is a true and correct copy.

Executed this 12th day of June 2024.

_____
MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia