**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JEFFREY STEIN, *
*
Plaintiff, *
*
v. *
* Civil Action No. 1:13-cv-00571 (TSC)
DEPARTMENT OF JUSTICE, *
*
Defendant. *
*
* * * * * * * * * * * * *

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION**
**TO REMAND COUNT 6 IN PART TO AGENCY**

Plaintiff Jeffrey Stein ("Stein") originally asked this Court to compel Defendant Department of Justice ("DOJ") to have its Department Review Committee ("DRC") conduct a declassification review of allegedly classified records responsive to Count 6 pursuant to 28 C.F.R. § 17.14(a)(2), and DOJ successfully argued that the Court could not do so because that process was only triggered by an administrative appeal. (Mem. Op., Dkt. #129, at 5 (filed June 20, 2023) [hereinafter Compel Denial Op.].) Accordingly, Stein then asked this Court to remand Count 6 to DOJ so that it could process the administrative appeal DOJ insisted would be necessary, and DOJ now argues that the Court cannot do that either because the deadline for filing administrative appeals established by DOJ regulations has passed. DOJ's stubborn refusal to employ the very process it established to ensure that FOIA denials based on alleged classification are closely reviewed by an appellate authority is completely without merit, and its arguments are directly contradicted by both controlling case law and common sense.

After first conceding that "Plaintiff was [not] required to file an administrative appeal during the pendency of the litigation" (Def.'s Opp'n Pl.'s Mot. Part. Remand, Dkt. #141, at 3

(filed June 12, 2024) [hereinafter DOJ's Opp'n]), DOJ attempts to pivot and argue that Stein's motion should be denied because he did not file an appeal that he was not required to file. It makes this argument to support its contention that because DOJ regulations require an appeal to be filed within 90 days, the Court does not have the authority to order it to accept an untimely appeal, which is also wrong for other reasons discussed in greater detail below. However, it is first important to note that DOJ's *factual* allegations are also false. DOJ alleges that "there is no evidence that Plaintiff raised the issue of whether the responsive records were properly classified with the Court until he filed his Declassification Motion in 2020." (*Id.*) DOJ's support for this definitive statement is the fact that its new counsel limited her review to the status reports on the docket and found no mention of classification disputes. (*Id.* at 3 n.2.) However, the fact that DOJ's new counsel declined to review the entire case file should not be held against Stein. Had she done so, she would have discovered, at the very least, an email to Christopher Hair ("Hair"), one of DOJ's previous counsel, dated 28 March 2019, in which Stein's undersigned counsel explained to Hair—who had been recently assigned to the case—how at least one previous discussion had taken place about the DRC and Stein's doubt that they had been involved in the declassification review, which he contended rendered that review incomplete.[1] Stein has attached a copy of this email as Ex. A for the Court's reference.

DOJ's attempts to misrepresent the record, however, are not limited to misstating when Stein first "rais[ed] questions about the propriety of the classification decisions." (*Id.*) DOJ also misrepresents the context surrounding these questions. DOJ describes the filing of the motion to compel as occurring "seven years after this litigation commenced" (*id.*), but carefully declines to clarify that, despite the fact that this case was filed in 2013, FBI refused to process the bulk of

[1] The undersigned does not recall when the previous discussion(s) took place or which DOJ counsel was involved.

Stein's request until January 2016. (9th Hardy Decl., Dkt. #110-1, ¶ 8 (filed Dec. 31, 2020).) DOJ further declines to clarify that FBI's only pre-2016 release did not involve any invocations of Exemption (b)(1) (*see* 4th Hardy Decl., Dkt. #32-1, ¶ 18 (filed July 31, 2014)), and that FBI did not issue its ostensibly final release[2] until 20 December 2018 (9th Hardy Decl. ¶ 26). The purpose of this recitation is to illustrate that, since Hair did not begin representing DOJ until February 2019 (Not. of Subst. of Counsel, Dkt. #99 (filed Feb. 19, 2019)), Stein "raised the issue of whether the responsive records were properly classified" (DOJ's Opp'n at 3) within ninety days of FBI's final response. In other words, even if the Court accepts DOJ's premise that DOJ's regulations are relevant to this Motion (which, to be clear, it should not), Stein *did* appeal FBI's determination in the only appropriate manner for a party in litigation within the time limit established by DOJ's regulations.[3]

As for DOJ's contention that Stein somehow had a duty to "timely preserve[] any concerns regarding the classification of information when he was receiving productions between 2016 and 2019" (*id.* at 4), DOJ is noticeably silent on what form such "preserved concerns" should have taken *during the production of documents*, when even a formal administrative appeal would be rejected as premature. DOJ asks this Court to find that a requester has an affirmative duty to object to exemptions made *in interim releases* or else forfeit the ability to object later, which is a radical departure from even the strictest reading of the administrative exhaustion case law.

---

[2] FBI issued a "supplemental release" with slightly fewer redactions on 3 December 2019. (*Id.* ¶ 28.)

[3] Even if the Court declines to accept the inference that this specific issue was raised by the undersigned with DOJ's counsel prior to the 28 March 2019 email, that would simply mean that Stein first raised the issue with DOJ's counsel 98 days after FBI's final release. A difference of eight days falls well within the prudential margin of error for an appeal which is not even required by either statute or regulation in the first place.

DOJ then attempts to distinguish this case from two of Stein's cited cases on the questionable ground that those cases dealt with post-summary judgment remands to the agency. (*See id.* at 3-4.) However, this approach supports Stein's case more than DOJ's, both in what DOJ says and, more importantly, in what it does *not* say. First, DOJ's implicit concession that the Court has the authority to remand cases to an agency *at all* despite the expiration of the 90-day period is fatal to its argument that "there is no legal mechanism for the Court to remand the records at issue in Count VI for a declassification review." (*Id.* at 2.) What DOJ appears to be arguing is that there is no legal mechanism for the Court to remand a request to an agency *before denying the agency summary judgment*, but that argument cannot be reconciled with DOJ's maximalist interpretation of the role played by its regulations. If the fact that an appeal would be untimely under an agency's regulations means that a court cannot remand a request to it, then a court cannot do so before *or after* ruling on a motion for summary judgment. The Court's sole option after denying a motion for summary judgment would be to order the withheld information to be released, and it would not be able to order the agency to reprocess the records and make new determinations. To be clear, courts clearly have this authority, and so DOJ's argument fails on that account as well, but even accepting DOJ's argument at face value does not yield the result DOJ is seeking.

Second, while DOJ attempts to distinguish the two district court cases cited at the end of Stein's motion, it completely fails to even *mention* the controlling case law which lies at the core of Stein's argument. In *Oglesby v. Department of the Army*, this Circuit explicitly "allow[ed] the appellant . . . to pursue his appeals before the administrative agencies regardless of the expiration of the agencies' appeal deadlines." 920 F.2d 57, 65 (D.C. Cir. 1990). The Circuit did exactly what DOJ is now arguing this Court does not have the authority to do: compel an agency to

process an administrative appeal despite it being untimely under the governing agency regulations in the absence of a summary judgment ruling against the agency.[4] Under DOJ's interpretation of the law, "there [wa]s no legal mechanism for the C[ircuit] to remand" the *Oglesby* requests for administrative appeals after the end of the administrative appeal period, and yet the Circuit did so. Put another way, DOJ argues, "Because [Oglesby] no longer ha[d] a right to file an administrative appeal, . . . it would [have] be[en] futile for the C[ircuit] to remand th[at] case to the FBI." (DOJ's Opp'n at 3.) And yet, it was not futile for the Circuit to do so. If DOJ disagrees with the scope of the Court's remand authority, it must convince an *en banc* panel of the Circuit or the Supreme Court that the Circuit lacked the authority it exercised in *Oglesby*. Barring that, its argument carries no weight and is directly precluded by controlling precedent.

DOJ briefly makes three other arguments at the end of its brief, none of which stand up to close scrutiny. It states that Stein's request is "truly redundant" because FBI conducted a classification review (*id.* at 4), which would only be true if the Court accepted that there is no point to appellate review. However, if the Court agrees that review by a higher appellate authority is desirable, then it does not matter what kind of review FBI conducted, because *the DRC did not conduct it*. DOJ then argues that the Court must first deny its motion for summary judgment on the merits before remanding the case, which defeats the entire purpose of the DRC process. The Court is required to give great deference to FBI on questions of national security, while the DRC operates under no such restrictions. DOJ's proposal would only be workable if the Court applied the same level of deference to FBI's allegations as the DRC would, which it is not allowed to do.

---

[4] While the district court did grant the Government's motion for summary judgment in that case, the Circuit vacated that decision.

DOJ's final argument is also its weakest. DOJ argues that it would be prejudiced by the Court remanding the case because it might be responsible for attorneys' fees if FBI's withholding determinations were reversed by the DRC on appeal. (*Id.* at 5.) This is a frivolous argument. This Court has already agreed with Stein that one of the key purposes of an administrative appeal is to "allow[] agencies to correct errors." (Compel Denial Op. at 3.) If the Court declined to remand a request so that the agency could correct errors and release more information simply because the agency would not have to pay attorneys' fees if it were allowed to count on the Court's deference to prevail with the uncorrected errors, then that functionally elevates an agency's desire to win a case above its duty to release all non-exempt information. This argument is completely irreconcilable with the animating principles of FOIA and is unworthy of a federal agency.

The Court should accordingly grant Stein's Motion and remand the allegedly classified documents to DOJ so that Stein can file an administrative appeal and trigger a *de novo* DRC declassification review.

Date: July 12, 2024

Respectfully submitted,

/s/ Kelly B. McClanahan

Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*