## Kel McClanahan, Esq.

| | |
|---|---|
| **From:** | Kel McClanahan, Esq. <kel@nationalsecuritylaw.org> |
| **Sent:** | Thursday, March 28, 2019 11:55 PM |
| **To:** | Hair, Christopher (USADC) |
| **Subject:** | Fwd: Draft status report and update on sample count. |

So I don't know how much you've looked at this case, so forgive me if I tell you something you already know. This email is written as though you know nothing and need to be brought up to speed on where we are with FBI.

1) FBI processed over 8000 pages. The parties agreed to use a sampling method, with the understanding that if the judge ruled against FBI on a particular withholding in the sample, FBI would apply that reasoning to all other instances of that type of withholding in the entire release.

2) I provided a sample to Claire on 5/15  After a significant amount of back and forth, she sent me the below quoted breakdown of pages for this sample. With one exception, this is what I'm going from when I refer to "the 7/20 sample."

3) The exception is Item 1, which was a mistake. As amended in a separate email on 8/4, the specific pages to be included in Item 1 are the following Bates-stamped pages plus what I describe in (4): 89-90, 867-68, 885, 922-23, 944-47, 996-98, 1001, 1065-68, 1109, 1141-45, 1158-61, 1191-92, 1234-41, 1654-55, 2722-23, 4123-29, 4141-44, 4154-57, 4159-63, 4197-98, 4253-55, 4275-79, 4344-46, 4360-61, 4497-4501, 4519-20, 4522, 4837-65, 5437, 5974-75, 6965-72.

4) In addition to the specific pages identified in (3), we consider all other pages in a document covered by one of these pages to be responsive. E.g., if pages 89-90 are actually pages 1-2 of a 4 page document, we consider pages 3-4 of that document responsive as well. I understand that FBI does not necessarily agree with this interpretation, and Damon told me on 8/28 that FBI would not back down on this, so we're going to need to brief this issue. This goes for all documents responsive to Items 1-9.

5) Damon then sent me a draft *Vaughn* index for the Items 2-3 documents on 9/20. I'm *pretty* sure this included all of Item 3, but I'm not 100% certain. I know that it did *not* include the 151 new pages.

6) Over the next several months, FBI processed the 151 remaining pages. However, the Bates numbering scheme for the new releases was a bit wonky. I understand that the pages were linked to the original pages by letters (e.g. 3695a is from the same document as 3695) but the relationship isn't always clear, as I emailed to Damon on 10/15 (which I forwarded to you). I'm still awaiting the response to that email.

7) I have not received anything like a draft *Vaughn* index for the 151 new pages. Not saying I need one right now, but you'll eventually need to make one.

8) So here's where we are. Right now we've got about 2800 pages in the sample. I can't really exclude any pages without a full *Vaughn*, but I can exclude certain types of information. You may treat the withholding of the following types of information as conceded:

a) File numbers
b) Grand jury information

If that allows you to exclude entire documents, great.

9) You may also treat certain classified information as conceded. FBI regs require the Bureau to process classified information for declassification review before withholding it under (b)(1). It normally does this by referring the info to the DRC. You may treat any classified information as conceded *which has already been through the declassification review process, and the DRC decided that the information should remain classified*. However, if FBI did not do a declassification review on a piece of information, or the review is not complete, you may not treat it as conceded. More on this later.

So I recommend establishing a briefing schedule as though you need to account for about 2500 pages, most of which are already accounted for in the draft *Vaughn*. Then, if we manage to narrow it further, you don't need to do as much work. Because of the number of pages we're talking about, I will need about 6 weeks for my oppo. I'll leave it to you to decide how long you need for your initial motion. Don't forget that you have to account for the non-responsiveness claims

1

Ex. A

and the 2 EOUSA documents referenced in the other emails I forwarded to you.

I mentioned "if we manage to narrow it further."  Here is a way.  I've already said that we'll concede the withholding of classified information if it went through the declassification process as required by FBI regs.  With minor exceptions, I have no reason to think any of this classified information has done so.  We are willing to accept a delay in the briefing *if* FBI uses that delay to put all the information being withheld under (b)(1) through the declassification process.

I think that covers everything.  Let me know if I left anything out.

