UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY STEIN,<br><br>            Plaintiff,<br><br>       v.<br><br>DEPARMENT OF JUSTICE<br><br>            Defendant. | Civil Action No. 13-cv-571 |

**OPINION AND ORDER**

Plaintiff Jeffrey Stein moves to remand Count VI of this Freedom of Information Act ("FOIA") case for the Federal Bureau of Investigation ("FBI") to conduct a declassification review of Defendant's withheld records under FOIA Exemption 1. Pl.'s Mot. for a Partial Remand at 1–4, ECF No. 136 ("Pl.'s Mot."). For the reasons below, the court will DENY this motion.

I.   BACKGROUND

In 2013, Plaintiff brought a six-count suit under FOIA. Compl. ¶¶ 7–58, ECF No. 1 ("Compl."). Count VI, the remaining disputed allegation, seeks records related to Gwyneth Todd, *id.* ¶¶ 53–58, but the court has not yet decided whether Defendant's withholdings of this category are lawful. *See Stein v. U.S. Dep't of Just.*, 197 F. Supp. 3d 115, 124 (D.D.C. 2016) (granting Plaintiff's motion for summary judgment and concluding that Defendant must process Count VI's FOIA duplication fees free of charge); *Stein v. U.S. Dep't of Just.*, 134 F. Supp. 3d 457, 489–90 (D.D.C. 2015) (granting Defendant's motion for summary judgment and concluding that Plaintiff was not entitled to a fee waiver on Count VI).

On April 5, 2023, the court denied without prejudice Defendant's summary judgment motion, because Plaintiff sought to litigate whether the records related to Count VI could be

declassified.  Apr. 5, 2023 Min. Order.  In June 2023, the court held that it could not compel the FBI to declassify the records related to Count VI that were withheld under FOIA Exemption 1, in part, because under 28 C.F.R. § 17.14(a)(2), Plaintiff was required to administratively appeal the FBI's withholdings, and he had not done so.  Mem. Op. at 2–3, 5, ECF No. 129.  Nor did he seek to "remand" this case to Defendant so that "he could bring an administrative appeal." *Id.* at 3.

Interpreting the court's note regarding Plaintiff's lack of a remand motion as an "implied invitation" to do so, Plaintiff now moves to remand a declassification review of the records produced under Count VI.  Pl.'s Mot. at 2.  He argues that he is entitled to such relief because of this case's "unusual circumstances." *Id.*

## II. ANALYSIS

Plaintiff claims that Defendant's Department Review Committee has the authority under 28 C.F.R. § 17.14(a)(2) to determine what classified records should "continue[]" to be classified. *Id.*  Remand is appropriate at this late juncture, Plaintiff contends, because: (1) Defendant is "required by its own regulations to evaluate its withholdings more critically during an administrative appeal"; *id.*; and (2) Plaintiff was "found after the fact to have been forced to choose between foregoing" an administrative appeal and initiating this litigation. *Id.* at 3.  Plaintiff points to *Oglesby v. Department of the Army*, 920 F.2d 57 (D.C. Cir. 1990), which held that remanding for a tardy administrative appeal can be appropriate if the "precise requirements of FOIA exhaustion" are "not" "sufficiently certain." *Id.* at 65.

*Oglesby* is inapplicable here, however, because the precise requirements for Plaintiff to administratively appeal, and receive a declassification review, were "sufficiently certain." *Id.*  As Defendant points out, Plaintiff was consistently informed of his right to appeal Defendant's productions in most of the 21 interim letters from January 4, 2016, through December 3, 2019.  Defendant's Opposition to Plaintiff's Motion for Partial Remand at 2–3, ECF No. 141 ("Def.'s

Opp'n"). Indeed, he had 60 days to appeal after each interim letter, and 90 days after the final letter was issued—and was informed of those deadlines. *See* Sixth Decl. of David Hardy ¶¶ 8–28, ECF No. 109-1 ("Sixth Hardy Decl."); Second Decl. of Michael Seidel ¶ 6, ECF No. 141-1 ("Second Seidel Decl."); 28 C.F.R. § 16.8(a). Yet Plaintiff repeatedly chose not to do so because he states that he was unsure "what form" his "preserved concerns" should have taken during the production of documents[.]" Pl.'s Reply at 3, ECF No. 142 ("Pl.'s Reply") (citation omitted). But in nearly every interim letter, Defendant's appellate procedure was clearly outlined. *See* Sixth Hardy Decl. ¶¶ 8–28. And the parties had been in ongoing communication about productions concerning Gwyneth Todd for nearly four years. Second Seigel Decl. ¶ 6; *see Judicial Watch, Inc. v. U.S. Dep't of Just.*, 410 F. Supp. 3d 216, 223–25 (D.D.C. 2019) (finding that two years of document production and communication regarding the process is enough for actual notice).

"A response [from an agency] is sufficient for purposes of requiring an administrative appeal if it includes: the agency's determination of whether or not to comply with the request; the reasons for its decision; and notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse." *Oglesby*, 920 F.2d at 65. Most of the 21 interim letters sent to Plaintiff complied with these requirements. Sixth Hardy Decl. ¶¶ 8–28; Second Seidel Decl. ¶ 6.

Accordingly, Plaintiff is free to dismiss Count VI and refile his FOIA request with Defendant to be eligible for an administrative appeal. Or both parties may fully brief a motion for summary judgment. Seeking remand, however, is no longer an option.

### III.   CONCLUSION

For these reasons, Plaintiff's Motion for Remand is DENIED, ECF No. 136. The parties are ordered to provide a Joint Status Report by May 16, 2025, indicating how they wish to proceed to resolve Count VI of Plaintiff's Complaint.

Date: April 16, 2025

                                                *Tanya S. Chutkan*
                                                TANYA S. CHUTKAN
                                                United States District Judge