UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| JEFFERY STEIN,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Civil Action No. 13-0571 (TSC) |

**MOTION FOR EXTENSION OF TIME TO FILE**

Defendant, the Department of Justice, hereby respectfully requests, through undersigned counsel, a 120-day enlargement of time within which to renew its motion for summary judgment in the above-captioned matter. The current deadline to file is December 23, 2025, and the new deadline would be April 22, 2026. Pursuant to Local Rule 7(m), counsel for the parties conferred and Plaintiff takes no position on Defendant's request.

1. On January 27, 2020, Defendant moved for summary judgment on the remaining claims in this matter, namely, those connected with the withholdings in records responsive to Plaintiff's Freedom of Information Act ("FOIA") request for records related to Gwyneth Todd (Count VI). See Def. Mot. Summ. J. (ECF No. 109, "Def. MSJ") at 2.

2. Instead of filing an opposition to Defendant's motion for summary judgment, Plaintiff filed a motion asking the Court to compel a declassification review by the Department Review Committee of the information being withheld pursuant to Exemption 1, which exempts properly classified information from disclosure under FOIA. Pl. Declassification Mot. (ECF No. 119).

3. On April 5, 2023, the court denied without prejudice Defendant's summary judgment motion, because Plaintiff sought to litigate whether the records related to Count VI could be declassified. Apr. 5, 2023 Min. Order.

4. The Court denied Plaintiff's Declassification Motion. Mem. Op. (ECF No. 129).

5. Plaintiff then filed a motion asking the Court to remand the case as to Count VI so that Plaintiff could file an administrative appeal and become eligible for a declassification review. Pl's Mot. (ECF No. 136).

6. On April 16, 2025, the Court denied Plaintiff's motion for partial remand and stated that "Plaintiff is free to dismiss Count VI and refile his FOIA request with Defendant to be eligible for an administrative appeal. Or both parties may fully brief a motion for summary judgment." Op. & Order (ECF No. 143) at 3. The Court further ordered the Parties "provide a Joint Status Report by May 16, 2025, indicating how they wish to proceed to resolve Count VI of Plaintiff's Complaint." *Id*.

7. On May 16, 2025, the Parties filed a joint status report proposing that Defendant renew its motion to dismiss on or before June 30, 2025. ECCF No. 145.

8. By Minute Order on May 16, 2025, the Court ordered the following briefing schedule: Defendant's summary judgment motion is due by June 30, 2025; Plaintiff's response is due by July 14, 2025; Defendant's reply is due by July 21, 2025.

9. On June 23, 2025, Defendant filed a consent motion for extension of time. ECF No. 146. Defendant explained that, since the filing of the Parties' May 16, 2025 status report, Defendant had come to understand that the FBI would need additional time to prepare the materials to support a renewed motion for summary judgment. Specifically, upon further review, the FBI determined that it could not simply refile the materials that were included with Defendant's

original motion for summary judgment in 2020. Over the past five years, the FBI has revised certain internal policies and will need to time to check everything previously attested to in the FBI's declaration and ensure that all statements remain accurate. Additionally, the previous declaration contained six attachments of declarations from other government agencies. Those agencies will need to be provided an opportunity to review and update their declarations as well. Defendant estimated that it would take several months to conduct the aforementioned review and revision.

10. By Minute Order on June 23, 2025, the Court granted Defendant's consent motion for extension of time and ordered the following briefing schedule as to Count IV: Defendant's summary judgment motion is due by December 23, 2025; Plaintiff's response is due by January 12, 2026; Defendant's reply is due by January 19, 2026.

11. Federal appropriations funding the Department of Justice lapsed at the end of the day on September 30, 2025, and were not restored until the evening of November 12, 2025. As a result, undersigned counsel and agency counsel were not permitted to work on this matter during that period. Following resumption of federal appropriations, Chief Judge Boasberg's Standing Order No. 25-59, *In re: Extension of Deadlines in Civil Matters Involving the United States Following Restoration of Appropriations* (Nov. 13, 2025) extended all non-emergent filing deadlines in civil actions applying to the United States and its agencies that fell from the start of the shutdown through the end of November 2025.

12. Since the resumption of federal appropriations, undersigned counsel has been working to bring affected matters up to speed and comply with deadlines adjusted by Standing Order No. 25-59, and otherwise manage her exceptionally robust docket. The FBI also requires

additional time to reprocess certain records, allow equity-holders to review records where applicable, and prepare materials in support of the dispositive motion.

13. In light of the foregoing, Defendant needs additional time to review and update the declarations in support of its motion and undersigned counsel requires additional time to review the agency declarations, confer with agency counsel, revise the previously filed motion, and obtain required supervisory review.

A proposed Order is being filed with this motion.

* * *

| | |
|---|---|
| Dated: December 16, 2025<br>    Washington, D.C. | Respectfully submitted,<br><br>JEANINE FERRIS PIRRO<br>United States Attorney<br><br>By: /s/    *Sian Jones*    <br>SIAN JONES, D.C. Bar # 1024062<br>Assistant United States Attorney<br>601 D St., N.W.<br>Washington, D.C. 20530<br>Phone: (202) 252-2578<br><br>*Attorneys for the United States of America* |